**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| STATE AUTO PROPERTY AND | ) | |
| CASUALTY INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-08-12-M |
| | ) | |
| GEORGE HOPKINS; PROGRESSIVE | ) | |
| CASUALTY INSURANCE COMPANY; | ) | |
| and GHS PROPERTY AND CASUALTY | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is defendant George Hopkins' ("Hopkins") Motion to Dismiss or in the Alternative to Remand and Consolidate with State Court Action, filed January 29, 2008. On February 19, 2008, plaintiff filed its response, and on February 26, 2008, Hopkins filed his reply. Based upon the parties' submissions, the Court makes its determination.

I.   Introduction

In December 2006, plaintiff State Auto Property and Casualty Insurance Company ("State Auto") issued two insurance policies to Elegance in Stone, Inc. and ESI, Inc. On February 17, 2007, Hopkins was severely injured in an automobile accident. On or about November 6, 2007, State Auto received a demand for coverage under the above-referenced policies from Hopkins for the injuries he received in the accident. On January 4, 2008, State Auto notified Hopkins that there was no coverage available to him under the policies.

On January 7, 2008, State Auto filed the instant action seeking a declaratory judgment that the injuries and losses sustained by Hopkins as a result of the accident do not fall within the coverage of the above-referenced insurance policies. Also on January 7, 2008, Hopkins filed an

action in the District Court of Oklahoma County, State of Oklahoma, alleging claims of breach of

contract and breach of the duty to deal fairly and in good faith against State Auto and State Auto

Insurance Companies and claims of negligence, bad faith, breach of contract, and misrepresentation

against Ledbetter Insurance Agency, Inc. and Mark Holland.[1]

II.    Discussion

Hopkins now moves this Court to dismiss this action based upon the pending state court

action.[2]  A district court "is not obliged to entertain every justiciable declaratory claim brought

before it."  *State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 982 (10th Cir. 1994).  Further, the

United States Supreme Court has found:

> [o]rdinarily it would be uneconomical as well as vexatious for a
> federal court to proceed in a declaratory judgment suit where another
> suit is pending in a state court presenting the same issues, not
> governed by federal law, between the same parties.  Gratuitous
> interference with the orderly and comprehensive disposition of a state
> court litigation should be avoided.

*Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 495 (1942).  Additionally, the Supreme Court has

found that in determining whether to exercise its discretion to entertain a declaratory judgment

claim, a district court should consider:

> whether the questions in controversy between the parties to the
> federal suit, and which are not foreclosed under the applicable

---

[1]The insurance policies were purchased through the Ledbetter Insurance Agency, Inc., and Mark Holland was the agent at the Ledbetter agency who made various alleged representations regarding the insurance coverage and procured the insurance.

[2]In his motion, Hopkins also moves to dismiss this action on the basis that there is no diversity, specifically, State Auto and defendant Progressive Casualty Insurance Company have their domicile and principal place of business in Ohio.  On January 29, 2008, State Auto dismissed defendants Progressive Casualty Insurance Company and GHS Property and Casualty Insurance Company.  Accordingly, there is now complete diversity in the instant action.

2

> substantive law, can better be settled in the proceeding pending in the
> state court. This may entail inquiry into the scope of the pending
> state court proceeding and the nature of defenses open there. The
> federal court may have to consider whether the claims of all parties
> in interest can satisfactorily be adjudicated in that proceeding,
> whether necessary parties have been joined, whether such parties are
> amendable to process in that proceeding, etc.

*Id.* Finally, the Tenth Circuit has provided district courts with substantial guidance on this issue as

well,

> instructing them to weigh two questions originally supplied by
> Professor Borchard: Will a declaration of rights, under the
> circumstances, serve to clarify or settle legal relations in issue? Will
> it terminate or afford relief from the uncertainty giving rise to the
> proceeding? If an affirmative answer can be had to both questions,
> the trial court should hear the case; if not, it should decline to do so.

*Mhoon*, 31 F.3d at 983.

Having carefully reviewed the parties' submissions, the Court finds that it should not

entertain the instant declaratory judgment action. Specifically, the Court finds that a declaration of

rights, under the circumstances, will not serve to clarify or settle the legal relations in issue and will

not afford complete relief from the uncertainty giving rise to the proceeding. The sole issue in this

action is whether Hopkins is entitled to uninsured/underinsured benefits under the insurance

policies; in the state court action, in addition to a breach of contract claim against State Auto in

relation to uninsured/underinsured benefits, Hopkins also alleges claims against State Auto for

breach of contract in relation to his medical payments claim and for bad faith and raises the issue

whether State Auto is bound by alleged representations made by the insurance agency and agent who

sold the insurance policies at issue. Thus, any determination made in the instant action will not

resolve all the issues/claims between State Auto and Hopkins.

Additionally, the Court finds that the entire controversy arising out of the insurance claims made by Hopkins as a result of his injuries and damages from the accident can better be settled through the state court action and that continuing this action in this Court will only result in duplicative and piecemeal proceedings, with the potential for inconsistent verdicts regarding coverage. The Court would first note that the issues involved relate solely to questions of state law; there is no federal question involved. Further, all interested and necessary parties are parties, or can be made parties, to the state court action; whereas, neither the Ledbetter Insurance Agency, Inc., Mark Holland, nor Progressive Casualty Insurance Company could be made parties in the instant action due to a lack of diversity. Additionally, for the same reason, the state court case can not be removed to this Court. While State Auto contends that Hopkins fraudulently joined the Ledbetter Insurance Agency, Inc. and Mark Holland as defendants in the state court action to prevent removal of that case to this Court and that Hopkins does not intend to pursue his claims against these defendants, the Court finds subsequent events undermine State Auto's contention. First, Hopkins has now served both the Ledbetter Insurance Agency, Inc. and Mark Holland and has indicated his intention to pursue his claims against them. Second, State Auto removed the state court action to this Court on the basis of fraudulent joinder, and in an opinion issued this same date, this Court has found that said removal was untimely and remanded that action back to state court.

The Court, therefore, finds that this action should be dismissed.

4

III.    Conclusion

Accordingly, the Court GRANTS Hopkins' Motion to Dismiss [docket no. 8] and DISMISSES this action.

**IT IS SO ORDERED this 23rd day of September, 2008.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE

5